JOSEPH CAHN & Co., Appellants, v. THOMAS A. GROVES,
Defendant; JENNIE G. HOPKINS, Interpleader,
Respondent.

**Kansas City Court of Appeals, June 8, 1891.**

**Fraudulent Conveyances: EVIDENCE: VENDEE'S PARTICIPATION.**
Under the facts, this case belongs to that class of cases where a
sale is made to defraud creditors, in which the fraudulent intent
is shared by the vendee ; and this issue has been fairly submitted
to the jury, whose finding is affirmed.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* and *Graves & Aull*,
for appellants.

(1) The sale of the goods, in order to be considered
*bona fide* with respect to creditors, must have been made
without any trust whatever, either express or implied.
*Mfg. Co. v. Steele*, 36 Mo. App. 496; *Coburn v. Pickering*,
3 N. H. 424 ; *Parker v. Patte*, 4 N. H. 178 ; *Connelly v.
Walker*, 45 Penn. St. 449 ; *Reed v. Pelletier*, 28 Mo. 177;
*State v. Tasker*, 31 Mo. 448 ; *Bullene v. Barrett*, 87 Mo.
189 ; *Passamore v. Eldridge*, 12 Serg. & R. (Pa.) 198 ;
*Hanna v. Finley*, 33 Mo. App. 645 ; *Coolidge v. Melorn*,
42 N. H. 522 ; *Long v. Stockwell*, 55 N. H. 563 ; *McCul-
laugh v. Hutchins*, 7 Watts, 434 ; *State v. Jacob*, 2 Mo.
App. 183 ; *Twyne's Case*, 1 Lin. Lead. Cases, 34; *State v.
Mueller*, 10 Mo. App. 87; *Holmes v. Braidwood*, 82 Mo.
610 ; *Gaff v. Stern*, 12 Mo. App. 115; *Mc Veagh v. Bax-
ter*, 82 Mo. 518. The law condemns secret trusts as
fraudulent, and avoids the entire transaction, regardless
of the actual good faith of the parties. (2) It is imma-
terial whether the whole agreement appear in the writ-
ing, or that on its face it appear entirely fair and the
impeaching facts attached by extrinsic evidence. The
creditor acting as the secret trustee will not be saved

from the consequences of a secret trust for benefit of debtor by showing that his claim equaled or exceeded the value of the property. (3) Knowledge that debtor owed one of creditors is sufficient to impart notice as to all creditors. *Gaff v. Stern*, 12 Mo. App. 115. Knowledge that the debtor was in trouble is sufficient to charge with notice of fraud. *Henry v. Sneed*, 99 Mo. 407. With notice of attachment one cannot be a *bona fide* purchaser. *Young v. Keller*, 94 Mo. 581; *McMichael v. Richter*, 13 Mo. App. 515; *Wormley v. Wormley*, 8 Wheat. 449; *Daugherty v. Cooper*, 77 Mo. 528; *Arnholt v. Hartwig*, 73 Mo. 485.

*Shewalter & Wilson*, for respondent.

(1) It is settled a debtor may prefer by a sale one creditor—may pay one and leave the others unpaid; and even knowledge of the creditor of a purpose on the part of the debtor to hinder or delay other creditors will not invalidate the sale. *Shelley v. Boothe*, 73 Mo. 74; *Holmes v. Braidwood*, 82 Mo. 610; *Albert v. Besel*, 88 Mo. 150; *Sexton v. Anderson*, 95 Mo. 373; *Van Raalte v. Harrington*, 101 Mo. 652. And, when a debtor purchases at a price in excess of his debt, such sale is valid, unless the creditor knew that it was the intent of the debtor by such sale to hinder, delay or defraud his other creditors. *Van Raalte v. Harrington, supra ; McVeigh v. Baxter*, 82 Mo. 518; *Forrester v. Moore*, 73 Mo. 651. The court so declared the law; but there is abundant authority that mere knowledge alone is not sufficient, though, as said, in this case the jury were told if there was an excess above the debt of the interpleader, and if she had any knowledge of any fraud, the sale was void. Because a purchase by A., a creditor, of goods for $8,000 ($5,000 of which are debts due A.), with the further agreement that the notes for the balance of $3,000 above the debts shall be credited by whatever amount, if any, on taking an invoice, the stock falls short of the $8,000, accompanied by a delivery of the goods to A., vests the

absolute title to the property in A., without any trust or interest in the goods in the seller. *Ober v. Carson*, 62 Mo. 209; *Millian v. Schwetzer*, 87 Mo. 402; *Corby v. Corby*, 85 Mo. 371.

ELLISON, J.—Plaintiffs are creditors of defendant, and sued out an attachment which was levied upon the stock of goods in controversy. Mrs. Hopkins filed her interplea claiming the property. She prevailed below, and plaintiffs appeal. Defendant, prior to the attachment, was a merchant and owned the goods. He was indebted to plaintiffs and various other parties; among others, to this interpleader. Interpleader knew of his debts. He owed her $5,000, and finding himself financially embarrassed, we will say insolvent, went to interpleader, who is his sister, and proposed to her that to save her debt she should buy the stock. She made the purchase at the price of $8,000 which was to be paid by the surrender of demands against defendant, and giving to him her notes aggregating $3,000, with the understanding that if the stock inventoried less than $8,000 she was to be credited on her notes. If more than $8,000, she would pay the overplus in addition. She took immediate possession, but did not make an inventory till the levy of the attachment which was three days after the transfer.

The foregoing facts are stated as strongly against interpleader as the record will bear. From them, plaintiffs contend that there was a secret trust between defendant and interpleader, and, as such, it was in law a fraud upon them as creditors of defendant, and that the case is covered by *Molaska Mfg. Co. v. Stewart*, 36 Mo. App. 496. We are not of this opinion. There is nothing to show that interpleader had any reserved interest in the goods. The sale was absolute with a stipulation of a mode of ascertaining the quantity after delivery. The amount was thought to be $8,000.

The case belongs to that class where a sale is made to defraud creditors in which the fraudulent intent is shared by the vendee. And in this phase it was submitted to the jury by instructions for plaintiffs, and the issue has been found for interpleader. An examination of all the points made satisfies us that the judgment should be affirmed, and it is so ordered. All concur.